January 4, 2011

The Honorable Leticia Van de Putte
Chair, Veterans Affairs and Military
    Installations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0832

Re: Whether the Edgewood Independent School District may change the date of its general election for school trustees to the uniform election date set by statute in May of odd-numbered years (RQ-0893-GA)

Dear Senator Van de Putte:

You ask "whether the Edgewood Independent School District (the 'District'), which currently holds its general election for officers on the November uniform election date in even-numbered years, may move its general election date to the uniform election date in May in odd-numbered years."[1]

The Education Code places limitations on how and when a school district can hold elections for members of its board of trustees. Education Code section 11.059 requires that a "trustee of an independent school district serve[] a term of three or four years." TEX. EDUC. CODE ANN. § 11.059(a) (West Supp. 2010).[2] You explain that "the District Trustees serve four-year terms." Request Letter at 1. In addition to specifying the length of terms for trustees, the Education Code requires that elections for trustees of an independent school district be held jointly and on the same date as elections of (1) the governing body of a municipality located in the school district; (2) general elections for state and county officers; or (3) in certain limited circumstances, members of the governing body of a hospital district. Id. § 11.0581(a); see id. § 11.0581(b) (requiring such elections to be "held as a joint election under Chapter 271, Election Code").

You tell us that in 2007, the District "move[d] its general election date to track the general election date for state and county officers," but that the District would now like to move the election

---

[1]Request Letter at 1 (available at http://www.texasattorneygeneral.gov).

[2]Subsections (a) and (b) of Education Code section 11.059 "do not apply to the board of trustees of a school district if: (1) the district's central administrative office is located in a county with a population of more than two million; and (2) the district's student enrollment is more than 125,000 and less than 200,000." TEX. EDUC. CODE ANN. § 11.065(a) (West 2006).

date back to the May uniform election date.[3]  Request Letter at 2.  You explain that the City of San Antonio is the only municipality located within the District, and it holds its election for the members of its governing body on the May uniform election date in odd-numbered years.  *Id.* at 1–2.

Section 41.0052 of the Election Code generally addresses the authority of political subdivisions, including school districts, to change their election dates:

> (a)    The governing body of a political subdivision other than a county may, not later than December 31, 2005, change the date on which it holds its general election for officers to another authorized uniform election date.

> (a-1)  The governing body of a political subdivision, other than a county, that holds its general election for officers on a date other than the November uniform election date may, not later than December 31, 2010, change the date on which it holds its general election for officers to the November uniform election date.

TEX. ELEC. CODE ANN. § 41.0052 (West 2010); *see also id.* § 1.005(13) (defining "political subdivision").

In construing a statute, we begin with the plain language and apply the statute's common meaning.  *See FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008).  By its plain language, subsection 41.0052(a) imposes December 31, 2005 as a deadline by which most political subdivisions, defined to include school districts, may change their general election dates.  TEX. ELEC. CODE ANN. § 41.0052(a) (West 2010); *see also* Tex. Att'y Gen. Op. No. GA-0342 (2005) at 4 (concluding that a municipality may not change the date on which it holds its general elections after the deadline imposed by section 41.0052).  By its enactment of subsection 41.0052(a-1) in 2009, the Legislature extended that deadline to December 31, 2010 for most political subdivisions desiring to change the date of their general elections to the November uniform election date.  However, because the District desires to change to the May uniform election date, subsection 41.0052(a-1) does not directly apply.  TEX. ELEC. CODE ANN. § 41.0052(a-1) (West 2010); Act of May 5, 2009, 81st Leg., R.S., ch. 27, § 1, 2009 Tex. Gen. Laws 48, 48.  Thus, based on the plain language alone, it appears that the District is prohibited from changing its election date to the May uniform election date at this time.

---

[3]Section 41.001 of the Election Code, titled "Uniform Election Dates," specifies that "[e]xcept as otherwise provided by this subchapter, each general or special election in this state shall be held on one of the following dates: (1) the second Saturday in May; or (2) the first Tuesday after the first Monday in November."  TEX. ELEC. CODE ANN. § 41.001(a) (West 2010).  Section 41.002 provides that "[t]he general election for state and county officers shall be held on the first Tuesday after the first Monday in November in even-numbered years."  *Id.* § 41.002.

You suggest that the District might still be permitted to change the date of its elections because the joint election requirement in Education Code section 11.0581 was enacted after the most recent amendment to subsection 41.0052(a) of the Election Code, and because the later-enacted Election Code subsection 41.0052(a-1) affects only those political subdivisions that hold their general election for officers on a date other than the November uniform election date. Request Letter at 2.[4] At the time of enactment of Education Code section 11.0581, Election Code section 41.0052 prohibited a school district from changing its election date after December 31, 2005, thus creating a conflict between the two provisions. However, by adding Election Code subsection 41.0052(a-1) in 2009 through House Bill 401, the Legislature has since prohibited political subdivisions, other than counties, from changing their election dates unless they change to the November uniform date.[5] Thus, under the express terms of Election Code section 41.0052, the District may not at this time move its general election date to the May uniform election date.

---

[4]*See* Act of May 12, 2006, 79th Leg., 3d C.S., ch. 5, § 11.01, 2006 Tex. Gen. Laws 45, 98–99 (enacting Education Code section 11.0581); Act of May 23, 2005, 79th Leg., R.S., ch. 471, § 3, 2005 Tex. Gen. Laws 1330, 1330 (enacting the current version of Election Code section 41.0052(a)).

[5]As introduced, House Bill 401 simply changed the deadline currently found in subsection (a) to December 31, 2010. *See* Tex. H.B. 401, 81st Leg., R.S., § 1 (2009) (as introduced). Left unchanged, House Bill 401 would have allowed the District to do what you ask—to change to the uniform May election date. However, the House Committee on Elections reported a committee substitute amending the bill to add subsection (a-1) and maintain subsection (a) as previously enacted. Tex. Comm. Substitute H.B. 401, 81st Leg., R.S., § 1 (2009). By enacting this committee substitute, the Legislature authorized political subdivisions other than counties to change the election date of their officers only *to* the November uniform election date, thereby prohibiting the change the District now desires. Act of May 5, 2009, 81st Leg., R.S., ch. 27, § 1, 2009 Tex. Gen. Laws 48, 48 (enacting Election Code subsection 41.0052(a-1)).

## S U M M A R Y

Through Election Code section 41.0052, the Legislature has prohibited a school district from changing the date for general elections of officers to a date other than the November uniform election date. Edgewood Independent School District therefore may not move its general election date to the uniform election date in May at this time.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee